**PACIFIC TRANSPORT CO.
and subsidiaries**

v.

**The UNITED STATES.**

No. 209–72.

United States Court of Claims.

Oct. 20, 1976.

Valentine Brookes, San Francisco, Cal., attorney of record, for plaintiff. Lawrence V. Brookes and Brookes, Brookes & Vogl, San Francisco, Cal., of counsel.

Fenton P. Wilkinson, Washington, D.C., with whom was Asst. Atty. Gen. Scott P. Crampton, Washington, D.C., for defendant. Theodore D. Peyser, Jr., and Robert S. Watkins, Washington, D.C., of counsel.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges, en banc.

ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

KASHIWA, Judge.

This is a tax refund action involving the investment tax credit provisions of the Internal Revenue Code of 1954, § 38 and §§ 46–48.[1] The case is before the court on cross motions for partial summary judgment. For the reasons stated below, we hold for the plaintiff.

The facts in this case in all significant points are substantially identical to those in the case of *Pacific Far East Line, Inc. v. United States*, Ct.Cl. No. 214–70, 544 F.2d 478, a companion case argued at the same time as the instant case.

Since 1953, plaintiff or its predecessor corporations have been contractors under operating-differential subsidy agreements with the United States Maritime Commission (now Maritime Administration) (hereafter Maritime) and have received subsidy payments from the United States Government for the operation of vessels in foreign commerce. A portion of the net earnings of plaintiff and its predecessor corporations has been deposited in reserve funds governed by § 607, Merchant Marine Act of 1936, as amended.

Plaintiff entered into construction contracts with Maritime and obtained construction-differential contracts under which the United States paid construction subsidies toward the cost of the vessels, to equate their cost with the cost which would have been incurred had they been constructed in foreign shipyards, and also to defray the cost of national defense features specified by the Navy Department.

In 1953, at the time that plaintiff's predecessor, Pacific Transport Lines, Inc., entered into the first subsidy operating agreement with Maritime, it entered into a closing agreement with the Commissioner of Internal Revenue (Commissioner). The agreement was made applicable by exchange of letters in 1957 to Pacific Transport Company, when that corporation was formed as the successor of the predecessor, Pacific Transport Lines, Inc. It was also made applicable to States Steamship Company, the operating company owned by Pacific Transport Company. In 1960 States Steamship Company, in anticipation of entering into construction contracts with Maritime, wrote the Commissioner requesting an amendment to the closing agreements to extend the depreciable life of the vessels from 20 years to 25 years, to accommodate the depreciation taken for tax purposes with that then recently adopted for comput-

1. All section references are to the Internal Revenue Code of 1954 unless otherwise noted.

ing net earnings for subsidy purposes. In 1964, in response to that letter request, a new closing agreement was entered into between States Steamship Company and the Commissioner, identical to the 1953 agreement except in the respect in which change was requested.

The 1953 closing agreement is similar in scope and effect to the closing agreements executed by all subsidized shipowners on an industry-wide basis in 1947. The closing agreement provides in pertinent part:

> All earnings * * * which are deposited in the taxpayer's Reserve Funds, shall be Tax-deferred income; provided, however, that the taxpayer shall not be bound by this commitment beginning with the calendar year in which a decision of any court, sustaining the contention that Section 607(h) of the Act gives a tax exemption, instead of a Tax-deferment as herein provided, shall become final.

and

> "Tax-deferred" or "Tax-deferment" referring to ordinary income and capital gains deposited in Reserve Funds means that such items are not to be recognized as taxable income, * * * and likewise are not to be recognized in the determination of cost basis or invested capital.

The 1964 closing agreement provided for the identical treatment of earnings deposited in the reserve funds.

Beginning in 1960 a series of ships was contracted for, and was constructed, and a portion of the cost was paid by plaintiff from the reserve funds which had not hitherto been subjected to federal income tax ($5,878,077.48), and a portion was paid from other funds of the plaintiff ($40,276,836.86). Some of the other funds were borrowed.

Plaintiff timely filed amended consolidated income tax returns for 1962 and 1963 on June 13, 1966, claiming an investment credit in an amount equal to 7 per cent of its total liability with respect to the six vessels

placed in service in those years. Plaintiff also timely filed a consolidated income tax return for 1968 claiming an investment credit in an amount equal to 7 per cent of its total liability with respect to the vessel it placed in service in that year. Further, plaintiff timely filed consolidated income tax returns for the years 1964 through 1967 claiming the unused investment credit carried forward from 1962 and 1963.

Upon audit the Internal Revenue Service (IRS) disallowed the investment credit claimed in 1962, 1963, and 1968 to the extent that plaintiff met its obligations with tax-free reserve funds. The credit claimed for 1962 and 1963 was also disallowed to the extent the vessels were constructed prior to January 1, 1962,[2] and also as a result of certain adjustments to the basis of vessels traded in on the new vessels. The latter adjustments had the effect of decreasing the basis of the old vessels, thereby increasing plaintiff's gain, which was nonrecognized because deposited in reserve funds. These basis adjustments thus had the effect of increasing the amount of tax-free reserve funds excluded from plaintiff's qualified investment for investment credit purposes. With respect to the years 1964 through 1968, the investment credit claimed was disallowed to the extent the unused credit carried forward from 1962 and 1963 had been reduced. In addition, the IRS determined that the investment credit should be recaptured to the extent that the indebtedness incurred to purchase the vessels was satisfied with tax-free funds. Plaintiff paid the resulting tax deficiencies and filed amended claims for refund which were denied; and this suit followed.

Plaintiff's motion for partial summary judgment and defendant's cross motion for partial summary judgment deal with the issues of whether that portion of plaintiff's cost of the vessels paid from tax deferred reserve funds is properly includable in "qualified investment" for investment cred-

---

**2.** The issue of pre-1962 construction is not involved in plaintiff's motion for partial summary judgment or in defendant's cross motion for partial summary judgment. However, the identical issue was decided by this court in favor of the plaintiffs in *Lykes Bros. S. S. Co. v. United States*, 513 F.2d 1342, 206 Ct.Cl. 354 (1975), and in *Pacific Far East Line, Inc. v. United States*, 513 F.2d 1355, 206 Ct.Cl. 378 (1975).

it purposes and whether the investment credit should be recaptured to the extent such reserve funds were used to make subsequent mortgage payments on the vessels.

The issues involved here are the same as in *Pacific Far East Line, Inc. v. United States*, Ct.Cl. No. 214–70, 544 F.2d 478, and we refer the reader to our opinion in that case, published this same date. For the reasons stated therein, we hold for the plaintiff.

### CONCLUSION

For the reasons above, defendant's motion for partial summary judgment is denied, plaintiff's motion for partial summary judgment is granted, and the amount of recovery is to be determined pursuant to Rule 131(c).

COWEN, Chief Judge (dissenting):

I dissent in this case for the reasons stated in my dissenting opinion in *Pacific Far East Line, Inc. v. United States*, No. 214–70, 544 F.2d 478, decided today by the court, and I adopt my dissenting opinion as my dissent in this case.

SKELTON, Judge (dissenting):

I dissent in this case for the same reasons stated in my dissenting opinion in *Pacific Far East Line, Inc. v. United States*, No. 214–70, 544 F.2d 478, this day decided by this court, and I refer to and adopt that dissenting opinion as my dissent in this case.

I would allow defendant's motion for summary judgment, and deny that of the plaintiff and dismiss plaintiff's petition.